UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD, | No. 2:24-cv-1027 CSK P |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555, citations and

2

internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth and Fourteenth Amendment equal protection claims against defendants B. Chaves and Berumen, Correctional Officers at California Health Care Facility ("CHCF") on October 21, 2023, based on their alleged use of excessive force and failure to protect plaintiff from harm based on their alleged racist actions taken against plaintiff, who is African American.[1]  See 28 U.S.C. § 1915A.

---

[1] Plaintiff also includes "dereliction of duties" "counts," claiming that defendants violated unidentified CHCF policies. (ECF No. 1 at 9-11.)  However, allegations that a defendant violated

3

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Gena Jones, Warden, CHCF, or Correctional Officer Valencia. Such claims are dismissed with leave to amend.

Defendant Jones

Plaintiff alleges that Jones was "supposed to visit unit sites but failed to, per CDCR policies, and plaintiff's protection." (ECF No. 1 at 22.) He alleges that Jones tried to get her staff to secure the doors but "fell short;" she "reprimanded her staff for violating her policy, but she needed to more forceful in this case." (Id.) Plaintiff believes that the warden was "trying to control the safety of staff and inmates, but the other three defendants were unprofessional and had no integrity even under warden's watch." (Id.)

Prison conditions violate the Eighth Amendment if they are incompatible with "the evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Prison officials may not deprive prisoners of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33 (1993) (citation and internal quotations omitted). In a "failure-to-protect" claim, a prisoner must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was subjectively, deliberately indifferent to inmate's health or safety. Farmer, 511 U.S. at 834; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

In order to state an Eighth Amendment claim, a plaintiff must allege that prison officials' conduct was sufficiently harmful (the "objective" test), and that the officials acted with a sufficiently culpable state of mind (the "subjective" test). See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), cert. denied, 532 U.S. 1065

---

a prison policy fails to give rise to a federal civil rights claim. See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow prison regulations or policies is not a federal constitutional violation); Nurre v. Whitehead, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). Liberally construed, the Court finds plaintiff's allegations in such counts also support his claims that defendants Chaves and Berumen failed to act to protect plaintiff's safety as required under the Eighth Amendment.

1  (2001). The objective test looks to whether the deprivation was sufficiently serious, as
2  determined by the conditions alleged. See Farmer, 511 U.S. at 834. The plaintiff must allege
3  conditions so serious as to be outside the bounds of those which "today's society chooses to
4  tolerate." Helling, 509 U.S. at 36.

5  The subjective test requires "more than ordinary lack of due care for the prisoner's interest
6  or safety." Farmer, 511 U.S. at 835 (quotation omitted). "[D]eliberate indifference" is the
7  minimum showing of culpability necessary to state a claim. See id. at 834; Estelle v. Gamble,
8  429 U.S. 97, 104 (1976). To be liable for "deliberate indifference," a prison official must "both
9  be aware of facts from which the inference could be drawn that a substantial risk of serious harm
10 exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]n official's failure to
11 alleviate a significant risk that he should have perceived but did not, while no cause for
12 commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838.

13 Here, plaintiff is attempting to hold defendant Jones liable for the unconstitutional conduct
14 of her subordinates. Ashcroft, 556 U.S. at 679. Plaintiff confirms that Jones took steps to enforce
15 her policies concerning securing the doors but concedes that defendants Chaves and Berumen
16 failed to comply with such policies. Further, plaintiff alleges no facts demonstrating that Jones
17 acted with a culpable state of mind or was otherwise personally involved in the October 21, 2023
18 incident. Thus, plaintiff's allegations as to defendant Jones fail to state a cognizable civil rights
19 claim.

20  Defendant Valencia

21 Plaintiff also names Valencia, EOP Supervisor, as a defendant.[2] Plaintiff alleges that
22 Valencia was derelict in his duties and violated CHCF policies because 24 hours prior to the
23 October 21, 2023 incident, Correctional Officer Abukalam reported his safety had been
24 threatened by Badiu. (ECF No. 1 at 11.) In response, Valencia ordered Badiu to lock up in his

---

[2] Plaintiff does not define "EOP," but refers to a "mental health inmate." (ECF No. 1 at 4.) The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

5

1  cell, but plaintiff alleges that Valencia should have contacted the mental health department as
2  Valencia did for other non black officers with Badiu weeks earlier. (ECF No. 1 at 11, 16.)
3  Plaintiff claims that six weeks prior, inmate Badiu was deemed unsafe and admitted to a crisis
4  bed "per Valencia" (ECF No. 1 at 16) and Valencia knew of the last unsecured door issues in EID
5  125 ninety days before the incident (ECF No. 1 at 19). Plaintiff alleges that Valencia knew of
6  Badiu's propensity to violence yet failed to act on the reports. (ECF No. 1 at 16.)

7  The Eighth Amendment requires that prison officials take reasonable measures to
8  guarantee the safety of prisoners. Farmer, 511 U.S. at 832. In particular, prison officials have a
9  duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol,
10  776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).
11  The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth
12  Amendment when two requirements are met: (1) the deprivation alleged is, objectively,
13  sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate
14  health or safety. Farmer, 511 U.S. at 834.

15  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
16  where the officials acted with "deliberate indifference" to the threat of serious harm or injury to
17  an inmate by another prisoner. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also
18  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor
19  that prisoner is snitch may state claim for violation of right to be protected from violence while in
20  prison). But the official must both be aware of facts from which the inference could be drawn
21  that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer,
22  511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under
23  Section 1983. See Farmer, 511 U.S. at 835.

24  Here, plaintiff's allegations as to defendant Valencia rise to the level of negligence, not
25  deliberate indifference. See Farmer, 511 U.S. at 835. Defendant Valencia was not present during
26  the October 21, 2023 incident, which began with Badiu threatening to fight inmate McClaren.
27  Badiu did not attack plaintiff until after plaintiff warned both defendants Chaves and Berumen
28  that both doors were unsecured and that the two young men were on their way to 20B to fight in

the unlock doors.  (ECF No. 1 at 9.)  After plaintiff warned inmate McClaren not to go in there, plaintiff told McClaren to come talk to plaintiff, and both Badiu and McClaren came down to plaintiff to express their grievances.  (ECF No. 1 at 9.)  Plaintiff claims Badiu was hearing voices, and then, without warning, attacked plaintiff.  (ECF No. 1 at 9, 10.)

Contrary to plaintiff's allegation that Valencia "failed to act" (ECF No. 1 at 16), plaintiff acknowledges that Valencia confined Badiu to his cell after Badiu threatened Officer Abukalam.  Nothing in the complaint suggests that defendant Valencia acted recklessly by confining Badiu to his cell after he threatened a correctional officer.  That Badiu previously threatened a correctional officer also did not put defendant Valencia on notice that Badiu presented a substantial threat of harm to plaintiff or other inmates.  See Roberts v. Cal. Dep't of Corrs. & Rehab., 2017 WL 3635175, at *10 (C.D. Cal. Aug. 22, 2017) (finding suspicion of possibility of violence between inmates as insufficient to show knowledge of substantial risk of serious harm for deliberate indifference claim); see also Berg, 794 F.2d at 459 (prison officials "must have more than a mere suspicion that an attack will occur" before they are obligated to take steps to prevent an inmate assault) (citations and internal quotation marks omitted).  Similarly, that inmate Badiu was placed in a crisis bed six weeks before fails to demonstrate Badiu posed a substantial risk of harm to plaintiff or the inmate population generally on October 21, 2023.  Id.  Further, "[e]ven if a prison official *should* have been aware of the risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk."  Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (emphasis in original) (citing Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002), cert. denied, 135 S. Ct. 946 (2015).  Because plaintiff has not alleged sufficient facts to show that Valencia knew of and disregarded an excessive risk to plaintiff's health and safety, plaintiff does not state a claim against Valencia for failing to protect plaintiff.  Therefore, plaintiff's alleged Eighth Amendment violation against defendant Valencia must be dismissed.

Plaintiff's Options

First Option.  Plaintiff may proceed forthwith to serve defendants B. Chaves and Berumen and pursue his Eighth and Fourteenth Amendment claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendants Jones

7

and Valencia. If plaintiff elects to proceed forthwith against defendants B. Chaves and Berumen, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants Jones and Valencia without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Other Option

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants Jones and Valencia. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Jones and Valencia, he has thirty days to do so. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

> standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

Option Choice Deadline

Plaintiff is granted thirty days to choose one of the above options.

Motion for Expert Witnesses

On April 4, 2024, plaintiff filed a motion to appoint expert witnesses. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915. Thus, plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Jones and Valencia are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the complaint are sufficient at least to state cognizable claims against B. Chaves and Berumen.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's motion to appoint expert witnesses (ECF No. 2) is denied.

Dated:  May 29, 2024

/1/mcdo1027.14o

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD,<br><br>            Plaintiff,<br><br>     v.<br><br>GENA JONES, et al.,,<br><br>            Defendants. | No.  2:24-cv-1027 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his cognizable Eighth and Fourteenth Amendment claims against defendants Chaves and Berumen.  Under this option, plaintiff consents to dismissal of his noncognizable Eighth Amendment claims against defendants Jones and Valencia without prejudice.

**OR**

_____     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                                           Plaintiff

1