UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD, | No. 2:24-cv-1027 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for a temporary restraining order filed September 3, 2024.  (ECF No. 10.)  For the reasons stated herein, this Court recommends that plaintiff's motion be denied.

I.  Legal Standards

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

///

1

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  E.D. Cal. Local Rule 231(a)-(b).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes:  (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Plaintiff bears the burden of clearly satisfying all four prongs.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible—a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

2

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

II.     Background

Plaintiff filed his complaint on April 4, 2024. (ECF No. 1.) Plaintiff alleges that on October 21, 2023, defendants B. Chaves and Berumen, Correctional Officers at California Health Care Facility ("CHCF") used excessive force on plaintiff and failed to protect him from harm from fellow inmate Badiu based on defendants' alleged racist actions taken against plaintiff, who is African American, in violation of the Eighth and Fourteenth Amendments. In addition, plaintiff claimed that defendant Jones, Warden of CHCF, failed to visit unit sites, and reprimanded her staff for violating her policy concerning securing the doors, but defendants Chavez and Berumen failed to comply with her policy. Finally, plaintiff alleged that defendant Valencia, EOP Supervisor at CHCF, violated CHCF policies because Valencia mishandled an earlier incident involving inmate Badiu.[1]

On May 30, 2024, this Court found plaintiff stated cognizable Eighth and Fourteenth Amendment claims as to defendants Chavez and Berumen and granted plaintiff thirty days to file

---

[1] Plaintiff does not define "EOP," but refers to a "mental health inmate." (ECF No. 1 at 4.) The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB"); and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

an election form and choose whether to proceed solely as to defendants Chavez and Berumen or to file an amended complaint in an attempt to state cognizable claims against defendants Jones and Valencia.

On September 3, 2024, plaintiff filed the instant motion for temporary restraining order. (ECF No. 10.)

III.     Claims in Pending Motion for Injunctive Relief

In the pending motion, plaintiff claims that the parties in the instant case refuse to obey established case law as to reprisal and the chilling of plaintiff's First Amendment rights, and defendant B. Chaves requested her union law enforcement officers assist her in such chilling efforts. (ECF No. 10 at 1.) Plaintiff states that "the most crucial issue is plaintiff's parole conditions, and how plaintiff [faced] racism 2-1/2 years ago with [his] parole offer 29 [years] in servitude." (Id. at 2.) Plaintiff states that he was instructed by a Board of Parole Hearings officer to maintain employment, which plaintiff did for three years. (Id.) Plaintiff alleges that every time his parole review comes up, he is subject to racism and corruption, in violation of his First, Eighth, Thirteenth, and Fourteenth Amendment rights. (Id.)

Plaintiff also alleges that he has suffered "verbal defamations" and now has received computer-generated publication of the "known untrue statement," made to hurt plaintiff's reputation. (Id.) Plaintiff seeks an order restraining defendant B. Chaves, and four nonparties, Correctional Officers Dennis, Serna, and Duran, and Sgt. Moreno, from continuing with the alleged reprisals and chilling efforts.[2] (Id. at 2-3.) Plaintiff argues that this Court has the authority to restrain these individuals based on their unlawful conduct, and claims this is the first time he has "challenged the 13th Amendment servitude clause." (Id. at 3.) Plaintiff alleges the last publication by Sgt. Moreno was taken to ensure plaintiff was denied parole after thirty years and asks the Court to "take judicial notice that if [Sgt. Moreno] or they would go that far to create

///

---

[2] Plaintiff adds: "(Attention) there is no amending. I consent to B. Chaves & Berumen and (Jones [&] Valencia are dismiss[ed])." (ECF No. 10 at 2.) By separate order, the Court will address how this case proceeds.

4

a situation to permanently keep a black man in slavery -- . . . all due to e-filed McDonald v. Jones," the instant action (referred to hereafter as "the instant action"). (Id. at 3.)

Plaintiff attaches several documents as exhibits to the pending motion:

- An informational chrono dated July 16, 2024, and purportedly signed by Sgt. M. Moreno in which she confirmed plaintiff was terminated as a porter, based on plaintiff's alleged actions on July 14, 2024. (Id. at 5.)
- Office of Appeals Decision dated April 20, 2024, granting plaintiff's appeal, log No. 000000497680 concerning a canteen order missing from plaintiff's December 2023 order. (Id. at 6.)
- Plaintiff's July 29, 2024 grievance references the instant action, and claims "respondent(s)," not limited to those named in the grievance, have all "violated federal law as to reprisal and chilling [plaintiff's] First Amendment rights," and notes he discussed this matter with Lt. Modison, sought an FBI investigation, filed a motion for temporary restraining order, and sought congressional protection from "Cal. Congress." (Id. at 8.)  In his summary, plaintiff cites (A) libel/defamation based on (1) verbal; and (2) computer-generated acts to deny plaintiff parole; (B) reprisal for First Amendment claims raised in the instant action, claiming defendant B. Chaves has a history of chilling inmates' First Amendment rights; and (C) plaintiff's employment was important condition of his parole chances, and the alleged racial bias violates the 1964 Civil Rights Act. (Id. at 9.)
- Plaintiff's May 18, 2024 staff complaint which raised multiple allegations against defendant B. Chaves for her "unprofessional and unethical behavior and conduct," by, inter alia, making plaintiff carry a 40 pound trash can upstairs in violation of his work chrono; and yelling at plaintiff not to put toilet paper in the back supply closet. (Id. at 10.)  Plaintiff claimed Chaves never had issues with plaintiff until after plaintiff filed the instant lawsuit. (Id.)
- Plaintiff's December 13, 2023 Medical Classification Chrono confirming he was not to lift more than 19 pounds, and his December 12, 2023 disability confirmation

5

form. (Id. at 12-14.)

- An unsigned Work Supervisor's Report noting a recommended pay increase for plaintiff, to be effective on June 5, 2023, based on positive comments by plaintiff's supervisor, B. Chaves. (Id. at 15.)
- Plaintiff's undated letter addressed to the Director of the CDCR, informing the Director that plaintiff filed two separate federal complaints and requested the FBI to investigate the racial disparities at CHCF, and alleging, in pertinent part, that CHCF staff "have tried to force [plaintiff] to recant [his] federal complaint, chilling and violating [his] 1st Amendment rights." (Id. at 17.) Plaintiff asked the Director to curb these reprisals and threats. (Id.)

IV. Discussion

The Court finds that plaintiff's motion should be denied. Plaintiff's putative retaliation claims raised in his motion are not based on the claims raised in the complaint. The instant action proceeds solely on plaintiff's claims that on October 21, 2023, defendants B. Chaves and Berumen used excessive force on plaintiff and failed to protect him from harm from another inmate based on defendants' alleged racist actions taken against plaintiff, in violation of the Eighth and Fourteenth Amendments. As discussed above, the Court cannot grant injunctive relief regarding claims not raised in the complaint. See Pac. Radiation Oncology, LLC., 810 F.3d at 633. Because plaintiff's putative retaliation claims are not based on the claims raised in the complaint, such claims should be pursued in a separate action.

Plaintiff asserts that his retaliation claims are related because he was allegedly retaliated against based on the filing of the instant action in which he is pursuing his Eighth and Fourteenth Amendment claims against defendant Chaves. But the Ninth Circuit is clear that the nexus must be to the claims raised in the underlying complaint. Id. at 636. Absent such nexus, the court lacks the authority to grant plaintiff any relief. Id.; see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding prisoner's claim for injunctive relief based on retaliation for bringing the lawsuit was entirely different and separate from the underlying conduct raised in the civil rights action). Because plaintiff's First Amendment claims are based on the filing of the instant

action, and not the claims brought within the instant action, plaintiff's motion should be denied.

Therefore, it is recommended that plaintiff's motion be denied.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 6, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mcdo1027.tro