UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD, | No. 2:24-cv-1027 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's renewed motion for a temporary restraining order filed August 11, 2025. (ECF No. 24.) Plaintiff also seeks an extension of time "to access how can plaintiff proceed!" (Id. at 1.) Plaintiff claims he was violently attacked on August 2, 2025, by 4 to 6 correctional staff accompanied by Sgt. Moreno. Plaintiff states the attack was so brutal he is having difficulty "regaining his neurological thinking, and [his] short term member has been severely damaged." (Id.)

However, plaintiff's motion is not signed. (ECF No. 24 at 4.) Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Thus, the Court is generally unable to consider plaintiff's motion unless he signs and re-files the motion. Plaintiff is provided an opportunity to re-file his motion bearing his signature. Failure to comply with this order will result in an order striking the motion

1

because it is not signed. Fed. R. Civ. P. 11(a).

However, given the nature of plaintiff's filing, the Court advises plaintiff of the following.

First, as presently written, plaintiff's motion for an extension of time is unclear. Plaintiff claims he is waiting for discovery responses from counsel for defendants Chaves and Berumen. However, in this case, discovery closed on May 30, 2025, well before the alleged August 2, 2025 attack on plaintiff. Further, the pretrial motions deadline was recently extended to October 6, 2025, at defendants' request. (ECF No. 25.) Therefore, at present there is no imminent deadline requiring plaintiff to file anything with the Court in this case. However, as plaintiff noted, he is pursuing other cases that may require his attention: McDonald v. Newsom, 2:24-cv-02167 DC SCR P (E.D. Cal.), and McDonald v. Jones, 2:24-cv-02545 DC JDP P (E.D. Cal.). If plaintiff has deadlines pending in those cases, plaintiff must seek extensions of time in those cases.

Second, plaintiff's purported "renewed motion for temporary restraining order" is procedurally insufficient in that it fails to address each of the elements required to seek injunctive relief. A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff was provided the standards governing such a request in the September 6, 2024 findings and recommendations. (ECF No. 11.) In addition, as the Court previously noted, plaintiff must demonstrate a nexus between the injunctive relief he seeks with the claims brought in this action. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall re-file a signed motion. Plaintiff's failure to comply with this order will result in an order striking the unsigned motion (ECF No. 24).

Dated: August 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mcdo1027.r11+

3