UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>GENA JONES, et al.,<br><br>Defendants. | No. 2:24-cv-1027 TLN CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a temporary restraining order filed September 8, 2025, and motions for extension of time and appointment of counsel. (ECF No. 27.) For the reasons stated herein, this Court recommends that plaintiff's motion for temporary restraining order be denied. In addition, the Court vacates the pretrial motions deadline, grants plaintiff's request for 90 day extension, and denies the motion for appointment of counsel.

I.   BACKGROUND

Plaintiff filed the complaint on April 4, 2024. (ECF No. 1.) Plaintiff alleges that on October 21, 2023, defendants B. Chaves and Berumen, Correctional Officers at California Health Care Facility ("CHCF") used excessive force on plaintiff and failed to protect plaintiff from harm from fellow inmate Badiu based on defendants' alleged racist actions taken against plaintiff, who

1

1   is African American, and identifies as female, in violation of the Eighth and Fourteenth
2   Amendments.[1]

3   On January 23, 2025, defendants B. Chavez and Berumen filed an answer.  (ECF No. 21.)
4   On January 29, 2025, the Court issued a discovery and scheduling order; the discovery deadline
5   was set for May 30, 2025, and the pretrial motions deadline was set for August 22, 2025.  (ECF
6   No. 22.)  On August 13, 2025, defendants' motion to extend the pretrial motions deadline was
7   granted, and the deadline was extended to October 6, 2025.  (ECF No. 25.)

8   On August 11, 2025, plaintiff filed a motion for extension of time and motion for
9   temporary restraining order, but the filing was not signed by plaintiff.  (ECF No. 24.)  On August
10  14, 2025, the Court granted plaintiff 30 days to file a signed motion.  (ECF No. 26.)

11  On September 8, 2025, plaintiff filed the instant motion for temporary restraining order,
12  including a motion for enlargement of time, and a motion for appointment of counsel.  (ECF No.
13  27.)

14  II.    PRIOR UNSIGNED FILING

15  Plaintiff has now filed a signed motion for temporary restraining order.  Accordingly, the
16  unsigned motion (ECF No. 24) is disregarded.

17  III.   PLAINTIFF'S CURRENT MOTIONS

18  Plaintiff filed two separate, but related, motions.  (ECF No. 27.)  The first is styled,
19  "Motion to Renew Request for TRO."  (ECF No. 27 at 1-4.)  The second is styled, "Motion for
20  Enlargement of Time, Motion for Appointment of Counsel."  (Id. at 5-8.)  In addition, plaintiff
21  submitted exhibits in support.  (ECF No. 27 at 9-28.)  Because plaintiff included allegations
22  concerning the request for injunctive relief in the second motion, the Court first sets forth the
23  claims in both motions, and will then separately address the merits of each motion.

24  A.    "Motion to Renew Request for TRO"

25  Plaintiff acknowledges that the motion was prepared by inmate Joe Williams due to
26  plaintiff's possible brain damage incurred from the recent physical attack.  (ECF No. 27 at 3.)

---

[1] On September 9, 2024, pursuant to plaintiff's consent (ECF No. 10 at 2:27-28), defendants
Jones and Valencia were dismissed from this action without prejudice.  (ECF No. 12 at 4.)

In the pending motion, plaintiff claims that "evidence, witnesses, and the defendants' conduct before and during litigation has led to plaintiff's likelihood of success on the merits." (Id. at 1.) Plaintiff alleges there has already been irreparable harm inflicted by the recent physical attack on plaintiff, and puts the Court on notice that "if [the] Court fails plaintiff, not only will plaintiff lose his life, but other American citizens will die." (Id.) Plaintiff alleges that as of "August 2, 2025, the balance of equities tips in plaintiff's favor." (Id.)

Plaintiff claims the nexus is "clear" because "from the start there was reprisal that caused threats and are all directly related to the 3 cases at hand." (Id. at 1-2.) Plaintiff maintains that plaintiff has acted lawfully for 25 years, "only to watch young guards act as if they are gang members." (Id. at 2.) Plaintiff alleges that ever since this case was filed, plaintiff's "life has been under constant danger," and "[t]here has been a lot of attacks on sub-set groups as plaintiff, and everyone has sat on their hands, and it has caused [plaintiff] a brain injury." (Id.)

Plaintiff claims that defendants' counsel promised to provide plaintiff discovery requests filed months ago, but has failed to provide anything so far. (Id. at 2.) Plaintiff was told discovery responses would be provided months ago; plaintiff and opposing counsel agreed that if plaintiff did not have documents they would need to extend discovery. (Id.) "[P]laintiff provided all info and documents in discovery in good faith, and for that Sgt. Moreno and C/O Priest and others tried to murder plaintiff." (Id.)

Plaintiff demands protection from the government, and now "needs counsel." (Id.) Plaintiff alleges the "brutal attack was approved and was done to create fear in [plaintiff] and other inmates that litigate," because there would be no other reason for correctional staff to go after plaintiff, who is 60 years old and suffers from bone marrow disease. (Id. at 4.) Finally, plaintiff informed the warden of these problems on multiple occasions, and the warden is the one who "outed" plaintiff. (Id.)

B.  Motion for Enlargement of Time and for Appointment of Counsel

Plaintiff seeks an extension of time to assess how to proceed. (Id. at 5.) Plaintiff was brutally attacked on August 2, 2025, and claims it was an attempt by CHCF correctional staff to silence plaintiff from prosecuting claims in this court. (Id. at 5-6.) Plaintiff alleges that four to

3

six correctional staff and Sgt. Moreno were waiting for plaintiff to exit the unit for morning yard on August 2, 2025. (Id. at 6.) As plaintiff walked out, four or five officers violently attacked plaintiff, repeatedly striking plaintiff in the head with closed fists, and plaintiff claims the video will show it was unprovoked. (Id.) As a result, plaintiff is having an "extremely hard time regaining neurological thinking, and short term memory has been severely damaged." (Id.) Plaintiff is waiting to see mental health experts to get help, but was also waiting for discovery responses from defendants B. Chaves and Berumen. (Id.)

Plaintiff maintains that this case is related to plaintiff's other two cases: McDonald v. Jones, No. 2:24-cv-2545 JDP (E.D. Cal.), and McDonald v. Newsom, No. 2:24-cv-2167 SCR (E.D. Cal.), both pending in this district. (Id. at 6, 7.) On August 15, 2025, plaintiff also filed a motion for temporary restraining order in No. 2:24-cv-2167 SCR, in which Sgt. Moreno is named as a defendant.[2] Plaintiff claims the Court has jurisdiction to review the video for the purpose of plaintiff's motion for temporary restraining order. (Id. at 7.)

With regard to the request for enlargement of time, plaintiff seeks 90 days to "assess the health" of plaintiff to see if plaintiff is able to continue prosecuting this case. (Id.)

Plaintiff attaches several documents as exhibits to the pending motion:

- Declaration of inmate Joe Williams, who witnessed the August 2, 2025 attack on plaintiff. (Id. at 9.) Williams claims that a week prior, he, plaintiff, and inmate Clark, were approached by Officer Solven who warned them about the possibility of an attack by CHCF officers due to the ongoing litigation and the grievances filed against officers. (Id.) Williams avers that plaintiff has not been the same since the attack; plaintiff is afraid to come out of his cell, he complains of "real bad headaches," and has been unable to do his legal work or any work due to his short term memory loss from the attack. (Id.) As a result, Williams has been assisting plaintiff in his legal work. (Id.)

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

4

- Plaintiff's grievance No. 783174, signed on August 4, 2025, asking the Warden to investigate the August 2, 2025 unprovoked assault on plaintiff. (Id. at 10.) Plaintiff alleged C/O Priest violently came after plaintiff for plaintiff's complaint to Warden Vang, and alleged prison staff was aware that there was a plan to kill plaintiff by Sgt. Moreno and C/O Priest. (Id.)
- Plaintiff's grievance No. 773032, signed on July 15, 2025, alleging "Sgt. Moreno orchestrated the unlawful arrangement of this obstruction of justice via witness tampering and blocking access to the court." (Id. at 11.) Plaintiff claimed Sgt. Moreno stole evidence related to this district court case.
- The August 19, 2025 response to grievance No. 773032, denying plaintiff's claim. (Id. at 25-28.)
- Plaintiff's second grievance, also assigned No. 783174, and signed on August 4, 2025, alleging an officer approached plaintiff, Clark and inmate Williams, and told them to be careful because Sgt. Moreno was yelling to her staff concerning she wanted violence toward plaintiff and Clark. (Id. at 13.) Plaintiff alleged that Clark had just finished an internal affairs interview concerning C/O Moreno, and plaintiff had just filed another complaint to Warden Vong concerning C/O Moreno. (Id. at 14.) Plaintiff claimed that before the August 2, 2025 attack, C/O Priest told plaintiff "you snitch on me, I'm gonna George Floyd your ass!" (Id.) On August 2, 2025, plaintiff, who identifies as female, came out to yard and found no female staff to search plaintiff. (Id.) C/O Priest, standing next to C/O Moreno, signaled to plaintiff to come over to be searched. (Id.) Another officer on the other side signaled for plaintiff to be searched, and plaintiff complied. While the other officer was patting plaintiff down, C/O Priest came running over and grabbed plaintiff, saying "I'll get the MF." (Id.) Plaintiff moved over, and then was attacked by the officers, who pushed plaintiff into the ground and beat plaintiff about the head, face and body with closed fists. (Id.)
- The August 12, 2025 response to grievance No. 783174, stating that plaintiff's

5

claim, identified as an allegation of staff misconduct, would be referred for investigation.  (Id. at 20.)

- The August 15, 2025 response to grievance No. 760807, alleging Sgt. Moreno attempted to obstruct a federal inquiry by intimidating witnesses and verbally harassing them.  (Id. at 21-22.)  Plaintiff's claim was denied.  (Id.)

IV.  MOTION FOR TEMPORARY RESTRAINING ORDER

A.  Legal Standards

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party.  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  E.D. Cal. Local Rule 231(a)-(b).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes:  (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20

(2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible—a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

B. Discussion

The Court finds that plaintiff's motion should be denied. In addressing the elements under Winter, plaintiff must adduce facts demonstrating the element applies. Simply reciting the element is insufficient. In addition, plaintiff failed to identify what relief was sought by way of

this motion. Further, the Court cannot find that plaintiff's putative retaliation claims raised in the motions are based on the claims raised in the underlying complaint. The instant action proceeds solely on plaintiff's claims that on October 21, 2023, defendants B. Chaves and Berumen used excessive force on plaintiff and failed to protect plaintiff from harm from another inmate based on these defendants' alleged racist actions taken against plaintiff, in violation of the Eighth and Fourteenth Amendments. As discussed above, the Court cannot grant injunctive relief regarding claims not raised in the complaint. See Pac. Radiation Oncology, LLC., 810 F.3d at 633. Because plaintiff's putative retaliation claims in the motion are not based on the claims raised in the complaint, such claims must be pursued in a separate action.

Plaintiff speculates that the attack has a nexus to the instant claims because plaintiff was allegedly retaliated against for plaintiff's First Amendment activities. But the Ninth Circuit is clear that the nexus must be to the claims raised in the underlying complaint. Id. at 636. Plaintiff includes no factual allegations tying defendants B. Chaves and Berumen to the August 2, 2025 attack. Rather, plaintiff ties the attack to C/O Priest and Sgt. Moreno, neither of whom are defendants in this action. Absent such nexus, the court lacks the authority to grant plaintiff any relief. See id.; see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding prisoner's claim for injunctive relief based on retaliation for bringing the lawsuit was entirely different and separate from the underlying conduct raised in the civil rights action). Because plaintiff's First Amendment claims are based on the filing of the instant action, and not the claims brought within the instant action, plaintiff's motion should be denied.

Therefore, it is recommended that plaintiff's motion for temporary restraining order be denied.

V.    DISCOVERY AND REQUEST FOR ENLARGEMENT OF TIME

Plaintiff's statements concerning unprovided discovery responses are not persuasive because discovery closed in this action on May 30, 2025, and no motion to compel discovery responses was timely filed. (ECF No. 22.) Even using the purported August 5, 2025 date included in plaintiff's unsigned filing (ECF No. 24), any request for enlargement of time as to discovery is over two months late.

8

That said, the Court is sympathetic to plaintiff's current condition following the alleged August 2, 2025 attack. Therefore, the Court finds good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). The October 6, 2025 pretrial motions deadline is vacated. Plaintiff is granted 90 days to inform the Court whether plaintiff is able to proceed with this action by filing the appended Notice of Election form. The pretrial motions deadline will be reset, if appropriate, following plaintiff's response. Plaintiff may file the Notice of Election earlier should plaintiff recover before the 90 day deadline. On the other hand, plaintiff is cautioned that if plaintiff fails to file the Notice of Election within 90 days, the Court will reset the pretrial motions deadline, and the case will proceed.

VI.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate plaintiff's claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet plaintiff's burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VII.   CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's unsigned motion (ECF No. 24) is disregarded.

2. Discovery is closed.

3. The October 6, 2025 pretrial motions deadline is vacated.

4. Ninety days from the date of this order, plaintiff shall inform the Court whether plaintiff is able to proceed with this action by filing the appended Notice of Election form. Failure to file the form will result in this case going forward at that time.

5. Plaintiff's motion for the appointment of counsel (ECF No. 27 at 5) is denied without prejudice.

Further, IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mcdo1027.tro2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. JONES, et al.,<br><br>    Defendants. | No.  2:24-cv-1027 TLN CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff is able to proceed with this action.

**OR**

\_\_\_\_\_    Plaintiff opts to voluntarily dismiss this action.

DATED:

_____
                               Plaintiff

1